UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD FORTENBERRY,

       Petitioner,                                            Case No. 22-cv-12367

v.                                                           Honorable F. Kay Behm

TAMARA KELLEY, et al,

       Respondents.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

Plaintiff Richard Fortenberry, a Michigan prisoner presently confined at the Cooper Street Correctional Facility in Jackson Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court granted him leave to proceed without prepayment of the filing fee for this action. Plaintiff's complaint primarily concerns medical treatment for his diabetic condition as well as treatment for his foot injury. He raises claims concerning deliberate indifference to medical care, conspiracy, and intentional infliction of emotional distress. Plaintiff names several Michigan Department of Correction (MDOC) medical providers and employees as defendants including assistant Tamara Kelley, registered nurse Jodi Nakata, health unit manager Kristin Maxson, registered nurse Patricia Lamb, nurse practitioner Fuciarelli, Sergeant Webb, and Lieutenant Baldwin. Plaintiff sues defendants in their individual capacities. He seeks compensatory damages and

declaratory relief for his claims. Having reviewed Plaintiff's complaint, the Court now dismisses it, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

I.

Plaintiff is a diabetic. He alleges that in December 2021, he wrote a grievance to prison personnel complaining that he was being denied his daily prescription of insulin for refusing to provide a glucose reading. ECF No.1, PageID.4. Plaintiff alleges that he suffered blurred vision, headaches, weight loss, and other medical problems as a result. *Id*. In February 2022, he sent another grievance addressing the same issue and further informed healthcare staff that he was not receiving proper care for his foot injury. *Id*. at PageID.5. Shortly after he filed a third grievance in July 2022, he was called out to the healthcare unit. *Id*. at PageID.6. He alleges that custody staff placed him in handcuffs when taken to the callout in retaliation for filing grievances. *Id*.

In August 2022, Plaintiff alleges that he still did not receive proper treatment for his foot, despite numerous grievances explaining that he required medical care. *Id*. But in September 2022, he underwent foot surgery. He claims that defendant Fuciarelli refused to provide him with a wheelchair after surgery and pain medication. Plaintiff further alleges that defendant Fuciarelli retaliated against him by filing a false misconduct ticket for "making a scene" in her office when he was called in for a follow up. *Id*. at PageID.7. Plaintiff alleges that all named defendants

2

conspired against him to retaliate against his First Amendment rights.

II.

The Court is required to screen an indigent prisoner's complaint and to dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers

3

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). With these standards in mind, the Court finds that Plaintiff's complaint is subject to summary dismissal in part.

### III.

First, Plaintiff's claims against defendants Kelley, Nakata, Maxson, Lamb, Webb, and Baldwin must be dismissed because he fails to allege any facts demonstrating their personal involvement in the claimed instances of improper conduct giving rise to the complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see*

4

*also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Moreover, basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, to state a plausible claim for relief, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *see also* Fed. R. Civ. P. 8(a).

Plaintiff fails to show defendants Kelley, Nakata, Maxson, Lamb, Webb, and Baldwin personally contributed to the violations alleged in the complaint. Although Plaintiff has listed defendants in his complaint, he did not explain their roles in the alleged violations in the body of his complaint. More specifically, the complaint is subject to dismissal because Plaintiff failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."); *O'Brien v. Michigan Dep't of Corr.*, 592 F. App'x 338, 341–42 (6th Cir. 2014) (In the absence of any allegations as to how the defendant was personally involved in the violation of the plaintiff's constitutional rights, the complaint failed to state a claim.)

5

(citing *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012)). Therefore, the Court will dismiss these defendants from the complaint.

Second, Plaintiff fails to state a claim for conspiracy. To state a conspiracy claim under § 1983, a plaintiff must show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with some specificity. In this case, Plaintiff's conspiracy claim is vague and conclusory without specific factual allegations. As noted, conclusory allegations are insufficient to state a claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El*, 523 U.S. at 588; *Moldowan*, 578 F.3d at 390-91, including a conspiracy claim, *see Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff fails to state a conspiracy claim against any of the defendants in his complaint.

Lastly, the Court finds that Plaintiff's claims against defendant Fuciarelli for the alleged lack of proper medical care, alleged retaliation for the filing of grievances, and state law intentional infliction of emotional distress are not subject

6

to summary dismissal. While Plaintiff may or may not ultimately prevail on those claims, he has pleaded sufficient facts to state such potential claims for relief.

IV.

The Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 with respect to defendants Kelley, Nakata, Maxson, Lamb, Webb, and Baldwin and fails to state a conspiracy claim. Accordingly, the Court **DISMISSES** those defendants and the conspiracy claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Additionally, the Court concludes that the Plaintiff's claims against the defendant Fuciarelli for the alleged lack of proper medical care, alleged retaliation for the filing of grievances, and state law claim of intentional infliction of emotional distress survive the Court's initial screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

Lastly, a court may grant a petitioner leave to proceed on appeal in forma pauperis if it finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3). "Good faith" is an objective standard met by seeking "appellate review of any issue that is not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A frivolous appeal is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court concludes

7

that an appeal from this decision cannot be taken in good faith.

**IT IS SO ORDERED**.

s/F. Kay Behm  
F. Kay Behm  
United States District Judge

Dated: March 8, 2023