UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD FORTENBERRY,

       Plaintiff,

v.

       Case No. 2:22-cv-12367
       District Judge F. Kay Behm
       Magistrate Judge Kimberly G. Altman

AMY FUCIARELLI and TAMARA
KELLEY,

       Defendants.

_____/

**ORDER REGARDING NOTICE OF STAY (ECF No. 53)**
**AND**
**DECLINING TO STAY CASE**

I.      Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Richard

Fortenberry (Fortenberry), proceeding *pro se* and *in forma pauperis*, filed a

complaint naming several Michigan Department of Correction (MDOC) medical

providers and employees as defendants.  (ECF No. 1).  On March 8, 2023, the

district judge issued an order of partial summary dismissal, dismissing all but one

defendant, Nurse Practitioner Amy Fuciarelli (Fuciarelli).  (ECF No. 13).

Thereafter, all pretrial matters were referred to the undersigned.  (ECF No. 16).

Following this, on June 16, 2023, Fortenberry filed an amended complaint as

of right against Fuciarelli, all of the defendants named in his original complaint,

1

and other MDOC medical providers and employees.  (ECF No. 21).  On July 20, 2023, the undersigned recommended that defendants Patricia Lamb (Lamb), Diane Miller (Miller), K. Anderson (Anderson), Beth Fritz (Fritz), C. Jones (Jones), Webb, Balwin, and Leslie be dismissed from the amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim.  (ECF No. 22).  This recommendation was adopted, (ECF No. 23), leaving Fuciarelli, Tamara Kelley, P.A. (Kelley), Nurse Jodi Nakata (Nakata), and Health Unit Manager Kristin Maxson (Maxson), as named defendants.  Nakata and Maxson were later dismissed on the basis of exhaustion.  (ECF No. 42).[1]

On November 18, 2024, the remaining defendants, Fuciarelli and Kelley, filed a "Notice of Stay" (ECF No. 53), the purpose of which is to inform the Court that Wellpath—the company that employs Fuciarelli and Kelley —has filed a voluntary bankruptcy petition under Chapter 11 in the United States Bankruptcy Court for the Southern District of Texas.

## II.     Background

Attached to defendants' filing is an order from the bankruptcy court regarding enforcement of the automatic stay.  (ECF No. 53-1).  In other cases, the Court has been provided with an order from the bankruptcy court titled "Amended

---

[1] Fuciarelli and Kelley previously filed a motion for summary judgment (ECF No. 50) that will be the subject of a future Report and Recommendation.

Interim Order Enforcing the Automatic Stay." (*See, e.g.*, No. 2:23-cv-10568, ECF

No. 47-2).

In relevant part, the original order states that it is "extending the (i)

automatic stay under section 362 of the Bankruptcy Code[.]" (ECF No. 53-1,

PageID.767). The amended order states: "The Lawsuits are stayed in their entirety,

including the plaintiffs' claims against the Non-Debtor Defendants, on an interim

basis pursuant to section 362 of the Bankruptcy Code." (No. 2:23-cv-10568, ECF

No. 47-2, PageID.860). For the reasons explained below, the Court finds that

neither order requires a stay of proceedings in this case.

## III.    Discussion

The district court has "jurisdiction concurrent with the originating

bankruptcy court to determine the applicability of the bankruptcy court's automatic

stay." *Baechel v. Republic Storage Sys., LLC*, No. 5:16-CV-1403, 2018 WL

1243424, at *2 (N.D. Ohio Mar. 9, 2018). The Sixth Circuit itself has addressed

the issue of whether a bankruptcy court can stay proceedings against non-debtor

defendants under 11 U.S.C. § 362, finding that it cannot. *Patton v. Beardon*, 8

F.3d 343 (6th Cir. 1993). The *Patton* court acknowledged that "[c]learly, section

362(a)(1) stays any actions against the *debtor*." *Id.* at 349 (emphasis in original).

In other words,

> [a]t the commencement of a case, a stay arises by operation of law
> pursuant to 11 U.S.C. § 362(a). Its effect is to impose a wide-ranging

> prohibition on all activity outside the bankruptcy forum to collect
> prepetition debts from the debtor or to assert or enforce claims against
> the debtor's prepetition property or estate property. But, by its express
> terms, the only entity to which the § 362 stay applies is the debtor. As
> such, it may not be extended to third parties such as the [d]ebtor's co-
> guarantors.

*In re Nat'l Staffing Servs., LLC*, 338 B.R. 35, 36-37 (Bankr. N.D. Ohio 2005).

Earlier circuit court decisions are in line with this interpretation. *See, e.g.*,

*Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196-97 (6th Cir. 1983) ("It

is universally acknowledged that an automatic stay of proceeding accorded by §

362 may not be invoked by entities such as sureties, guarantors, co-obligors, or

others with a similar legal or factual nexus to the Chapter 11 debtor.") (collecting

cases); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir.

1985) ("By its terms the automatic stay applies only to the debtor, not to co-debtors

under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors."

(internal footnote omitted)).

"Some courts have held that the debtor's stay may be extended to non-

bankrupt parties in unusual circumstances." *Patton*, 8 F.3d at 349 (cleaned up).

Examples of unusual circumstances "include when the debtor and the non-

bankrupt party are closely related or the stay contributes to the debtor's

reorganization." *Id.* But the Sixth Circuit has cautioned that "such extensions,

although referred to as extensions of the automatic stay, were in fact *injunctions*

issued by the bankruptcy court after hearing and the establishment of unusual need

4

to take this action to protect the administration of the bankruptcy estate." *Id.* (emphasis added).  The Sixth Circuit explained that "[e]ven if we were to adopt the unusual circumstances test, the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105." *Id.*; *see also In re Nat'l Staffing Servs.*, 338 B.R. at 37 ("The authority to take this action, however, is found not in § 362; rather, it is derived from the bankruptcy court's equity jurisdiction as contained in 11 U.S.C. § 105(a).").

The order from Wellpath's bankruptcy proceeding does not cite 11 U.S.C. § 105(a) and does not set forth the preliminary-injunction factors or contain any analysis on the subject.  The phrase "preliminary injunction" is in fact nowhere to be found.  A court must consider four factors before granting a preliminary injunction: (1) the likelihood of success on the merits, (2) the danger of irreparable injury, (3) whether the potential irreparable injury outweighs the harm to the non-debtors, and (4) the public interest.  *See, e.g.*, *In re Sahene Constr., LLC*, No. 23-10096, 2023 WL 3010073, at *3 (Bankr. M.D. La. Apr. 19, 2023) (analyzing the four factors following a request to stay civil litigation as to non-debtor defendants); *In re Nat. Century Fin. Enters., Inc.*, 423 F.3d 567, 579 (6th Cir. 2005) (explaining that "when the bankruptcy court enjoins an action under § 105(a) [it] must it consider the four preliminary injunction factors, and apply a standard of clear and convincing evidence").

In *Gulf Coast Hotel-Motel Ass'n v. Mississippi Gulf Coast Golf Course Ass'n*, No. 108CV1430HSOJMR, 2010 WL 972248, at \*2 (S.D. Miss. Mar. 12, 2010), a court found under similar circumstances that "[i]t does not appear from the record in this case that such an [injunctive] order has been obtained from the bankruptcy court before which Debtor Defendant's bankruptcy is pending.  The party seeking the section 105 stay bears the burden of requesting it and the persuasion on the merits."  The same is true here; no preliminary injunction has been issued, and neither this Court nor the bankruptcy court can otherwise "extend" the automatic stay to non-debtor defendants.   In short, Wellpath is not a party to this case, and its bankruptcy stay has not properly been extended to non-debtor parties, like Fuciarelli and Kelley.

## IV.    Conclusion

For the reasons stated above, the case will not be stayed and will proceed against Fuciarelli and Kelley.

SO ORDERED.

Dated: December 4, 2024                       s/Kimberly G. Altman
Detroit, Michigan                                    KIMBERLY G. ALTMAN
                                                          United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 4, 2024.

s/Donald Peruski

Donald Peruski

Acting Case Manager
